*Court of Common Pleas, Dauphin County, April 24th,* 1855.

METZGAR *v.* THE DIRECTORS OF THE POOR OF DAUPHIN
COUNTY.

The treasurer of Dauphin county is not entitled to compensation for receiving
and disbursing money on account of the poorhouse.

BY THE COURT.—There is no act of Assembly which either in
terms, or by the most distant implication gives any compensation
to the treasurer of Dauphin county for receiving and disbursing
money on account of the poorhouse.

I am unable to perceive any principle on which a percentage
should be claimed for that service, as the treasurer has clearly been
fully compensated in his settlement with the county commis-
sioners.   The money secured by the treasurer all comes from one
common source, the people, paid in through the collectors of
the public taxes, and a certain portion is set apart for the sup-
port of the poor.   The treasurer pays it out on the orders of the
directors, and he is allowed in his settlement with the county
auditors for all money received and paid out.   This money has
been received but once and paid out but once by the treasurer, and
for that service the county has already paid him a commission.   I
am at a loss to understand upon what principle, legal or equitable,

[In the matter of Erb & Matter's Estate.]

he can claim it again. Even if we could permit him to recover on a *quantum meruit*, which we cannot; he merits nothing. The money is recovered from the collectors but once; and on a sum being set apart for the poorhouse, is paid out, and paid but once. For that service he now demands double payment from the county. The act of Assembly requiring the county treasurer to disburse the money on the orders of the directors of the poor gives no compensation, because the legislature well knew that the duty would not increase the labor or risk, and that by law the treasurer was paid his percentage by the county. The present incumbent took the office with a full knowledge that the duty was to be performed.

The act of 1841, to which we are referred in relation to the duty of expending money for the use of the county prison, militates strongly against the claim of the treasurer, as it shows that when the legislature intended that he should receive compensation it was given in express words, and a tribunal designated by which the amount was to be fixed.

There is not the shadow of a claim here, legal or equitable. Therefore we render judgment on the case stated in favor of the defendant.

*Mumma, for plaintiff.*

*Fox, for defendant.*